## Charles A. Macdonald et al. v. Marjorie H. Crosby.

1. QUESTIONS OF FACT—*Findings Conclusive.*—Where the trial is by the court without the intervention of a jury, the finding must be manifestly against the weight of the evidence to justify a reversal by the Appellate Court.

Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899. Rehearing denied October 20, 1899.

SCHUYLER & KREMER, attorneys for plaintiffs in error.

W. E. HUGHES, attorney for defendant in error.

MR. JUSTICE HORTON delivered the opinion of the court.

Thomas G. Crosby, now deceased, and the plaintiffs in error, Charles A. Macdonald and James J. Rardon, were co-partners under the firm name Crosby, Macdonald & Co. Defendant in error is the widow of said Crosby. This suit was brought by defendant in error to recover from plaintiffs in error, as surviving partners, the amount averred to be due defendant in error upon an alleged loan made by her to said firm December 2, 1891. Said Thomas G. Crosby died June 6, 1892.

Each one of the members of said firm was individually largely indebted to said firm December 2, 1891. Said firm was engaged in the business of marine insurance agents and freight brokers, and was on said 2d day of December, 1891, indebted to the insurance companies it represented for moneys collected for said companies in the sum of about $25,000, which must be paid that month. The firm had no means with which to make such payment. Said Crosby and said Macdonald undertook to raise all the money with which to meet such indebtedness.

There is testimony tending to show that said Crosby and said Macdonald were to raise $12,000 each, and that they

Macdonald v. Crosby.

would rely upon the receipts of the office for the remaining $1,000. There is also testimony tending to show that said Macdonald was unable to raise said sum of $12,000, and that said Crosby therefore raised more than that sum. There is also testimony tending to show that said Crosby was to raise only $10,000.

Whatever the facts may be as to that, it is clearly established that defendant in error gave a mortgage upon real estate belonging to her for the sum of $14,000 and that the proceeds thereof (being that amount less commissions) went to and was used by said firm. The question, and substantially the only question, in this case is, whether the money raised by mortgage upon the separate property of defendant in error, as stated, was by her given or loaned to her husband, or whether it was loaned to or paid or advanced for said firm.

The trial court entered a judgment against plaintiffs in error and in favor of defendant in error for the amount of said loan and interest thereon.

There is no contested question of law in this case. The decision must rest entirely upon the determination of questions of fact. There is some conflict in the testimony. We do not, however, deem it necessary to state the testimony in detail, although we have examined it with much care. The trial judge had the witnesses before him. By agreement of parties, the cause was submitted to the court without a jury. The finding of the court, like the verdict of a jury, must be manifestly against the weight of evidence to justify a reversal by this court. Such finding does not seem to be so. On the contrary, the finding of the trial court is in accord with the facts as we see them in this record. As the decision in this case can not settle any question of law, and as the determination as to the facts would not make a precedent for any other case, it is unnecessary and would be improper for us to incumber the reports with an elaborate review of the testimony.

The judgment of the Superior Court is affirmed.